UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| OPERATING ENGINEERS' HEALTH AND WELFARE TRUST FUND, et al., <br><br>Plaintiffs, <br><br>v. <br><br>WILLIAMS TREE SERVICE, INC., et al., <br><br>Defendants. | Case No.  14-cv-01123-PJH   (EDL) <br><br>**REPORT AND RECOMMENDATION ON PLAINTIFFS' MOTION FOR DEFAULT JUDGMENT** <br><br>Re: Dkt. No. 31 |

On March 10, 2014, Plaintiffs filed this action under section 502 of the Employee Retirement Income Security Act, as amended ("ERISA"), 29 U.S.C. § 1132, and section 301 of the Labor Management Relations Act, 29 U.S.C. § 185, seeking to recover allegedly unpaid trust fund contributions, liquidated damages, interest, attorneys' fees and costs and an injunction requiring Defendant to submit its records for a compliance audit.  Defendants were served with the summons and complaint in March and April 2014.  On May 23, 2014, the Clerk entered default as to all Defendants.  On March 9, 2015, Plaintiffs moved for default judgment.  On March 11, 2015, the District Judge referred Plaintiffs' motion to this Court for a report on recommendation.  On March 20, 2015, Plaintiffs filed a notice of continuance of the hearing on their motion to July 7, 2015, citing recent engagement with Defendants.  On June 23, 2015, this Court granted Plaintiffs' request to continue the hearing to August 25, 2015.  On August 19, 2015, this Court granted Plaintiffs' further request to continue the hearing to September 29, 2015.  On September 8, 2015, after Plaintiffs completed an audit, the District Judge entered a stipulated judgment as to Defendants Williams Tree Service, Inc. and Billie Williams.  The remaining Defendant, Adam Williams ("Defendant"), failed to appear for the September 29, 2015 hearing.  At that hearing, the Court ordered Plaintiffs to submit a supplemental declaration addressing the impact of the stipulated judgment on Plaintiffs' motion.  Plaintiffs' declaration clarifies that they are pursuing

default judgment against Defendant Adam Williams "as a precautionary measure in the event the other Defendants do not comply with the Stipulated Judgment" and "will only seek to enforce any judgment against Defendant Adam Williams if the other Defendants fail to cure any default under the Stipulation." Supp. Canzoneri Decl. ¶ 4. For the reasons set forth below, the Court recommends granting Plaintiffs' motion and entering judgment against Defendant Adam Williams in the amount of $40,177.70.

## I. BACKGROUND

Defendant Adam Williams is the business manager of Defendant Williams Tree Service, Inc. Hayner Decl. ¶ 6. On May 30, 2013, Defendants entered into the Independent Northern California Construction Agreement ("the Independent Agreement") with the Operating Engineers Local Union No. 3 of the International Union of Operating Engineers, AFL-CIO ("the Union"). Id. ¶ 5, Ex. C. The Independent Agreement, among other provisions, incorporates the Master Agreement between the Union and the Associated General Contractors of California ("the Master Agreement;" collectively, "the Agreements"). Id. ¶ 6, Ex. C § 2. The Agreements are effective unless and until Defendants or the Union gives notice of intent to terminate. Id. ¶ 8. As of the time of this action, neither party had given such notice. Id.

The Agreements require Defendants to make contributions to Plaintiffs' ERISA Trust Funds based on the hours worked by Defendants' employees. Id. ¶ 9, Ex. B at 41 § 12.01.00. They also require Defendants to pay interest and liquidated damages on late or delinquent funds. Id. ¶ 11. Contributions are due on the 15th of each month, and are considered delinquent if not paid by the 25th of the month. Id. Interest is 10% per annum, calculated from the day that a contribution is considered delinquent. Id. ¶ 12, Ex. B at 45 §§ 12.13.01-12.13.02. Liquidated damages are 10% of the delinquent funds unless a lawsuit to recover those funds is filed. Once a suit is filed, liquidated damages are calculated at 20% of the delinquent funds. Id. Ex. D at 2 §§ 10(A)(3)-10(A)(4). The Agreements further require Defendants to pay any attorneys' fees and costs, including audit costs, associated with collecting delinquent contributions. Id. ¶ 13, Ex. B at 45 § 12.13.06.

Plaintiffs allege that Defendants neither reported hours worked nor paid the relevant

contributions from August 2013 through January 2015.  Id. ¶ 14.  In their original motion, Plaintiffs estimated that unpaid contributions, liquidated damages, interest for this period, and attorney's fees and costs totaled $11,810.77.  Id. ¶ 16.  After performing an audit, Plaintiffs now state that Defendants owe unpaid contributions, liquidated damages, interest, attorney's fees and costs, including audit costs, in the amount of $40,117.70.  Supp. Canzoneri Decl. ¶¶ 3-4; Am. Proposed Judgment at 2.  As discussed below, these various forms of relief are appropriate under case law, the text of the Agreements and the Employment Retirement Income Security Act ("ERISA"), 29 U.S.C. section 1132(g)(2).

## II.    DISCUSSION

### A.    Jurisdiction and Service of Process

In considering whether to enter default judgment, a court must inquire into its jurisdiction over the subject matter and the parties.  Tuli v. Republic of Iraq, 172 F.3d 707, 712 (9th Cir. 1999).  Plaintiffs have properly pled subject matter jurisdiction under 29 U.S.C. §§ 185 and 1132.  Plaintiffs have also established personal jurisdiction and that service was appropriate.

### B.    Entry of Default and Default Judgment

Entry of default may only be set aside for "good cause shown."  Franchise Holding II, LLC. v. Huntington Restaurants Grp., Inc., 375 F.3d 922, 925 (9th Cir. 2004) (quoting Fed. R. Civ. P. 55(c)).  This analysis requires consideration of "(1) whether [the defendant] engaged in culpable conduct that led to the default; (2) whether [the defendant] had a meritorious defense; or (3) whether reopening the default [] would prejudice [the plaintiff].  As these factors are disjunctive, the district court [is] free to deny the motion if any of the three factors [is] true."  Id. at 925-26 (quoting American Ass'n of Naturopathic Physicians v. Hayhurst, 227 F.3d 1104, 1108 (9th Cir. 2000)) (internal quotation marks omitted).

Additionally, upon default, the factual allegations of the complaint, except those relating to the amount of damages, will be taken as true.  Televideo Systems, Inc. v. Heidenthal, 826 F.2d 915, 917-918 (9th Cir. 1987) (per curiam) (citing Geddes v. United Financial Group, 559 F.2d 557, 560 (9th Cir. 1977).  Rule 55(b)(2) allows, but does not require, the court to conduct a hearing on damages, as long as it ensures that there is an evidentiary basis for the damages

awarded in the default judgment. Action S.A. v. Marc Rich & Co. Inc., 951 F.2d 504, 508 (2nd Cir. 1991). Entry of default judgment requires the consideration of several factors, including: (1) the possibility of prejudice to the Plaintiffs; (2) the merits of Plaintiffs' substantive claim; (3) the sufficiency of the Complaint; (4) the sum of money at stake in the action; (5) the possibility of a dispute concerning material facts; (6) whether the default was due to excusable neglect; and (7) the strong policy underlying the Federal Rules of Civil Procedure favoring decisions on the merits. See Eitel v. McCool, 782 F.2d 1470, 1471-72 (9th Cir. 1986).

These factors weigh in favor of granting Plaintiffs' motion for default judgment. Given Defendant's absence, Plaintiffs have no further avenues for collecting relief against Defendant Adam Williams. Thus, denying this motion would cause Plaintiffs prejudice. As discussed below, Plaintiffs' claim is substantively supported by the text of the signed Agreements and ERISA. The complaint outlines Plaintiffs' request for relief, although it does not specify the amount of damages Plaintiffs seek. See Compl. at 6-8. The sum of money at stake, $40,177.70, is substantially lower than other sums that Courts have found reasonable. See Eitel, 782 F.2d at 1472 ("Eitel was seeking almost $3 million in damages"); see also Church Bros., LLC v. Garden of Eden Produce, LLC, 2012 WL 1155656, at *3 (N.D. Cal. Apr. 5, 2012) (Davila, J.) (holding that a sum of $212,259.21 was a "modest" amount). As Defendant has been deemed to admit to all well-pleaded factual allegations by default, there is little chance of a dispute over material fact. Televideo Systems, 826 F.2d at 917-918. Defendant was properly served and there is no evidence that Defendant's failure to appear or defend itself is excusable. Dkt. No. 11. Finally, the Court cannot adjudicate on the merits without Defendant. Thus, the Eitel factors that can be assessed all appear to support an entry of default judgment for Plaintiffs.

### C. Liability

Plaintiffs seek damages in the form of: (i) Defendant's unpaid and delinquent trust fund contributions; (ii) liquidated damages and interest on these contributions; and (iii) attorneys' fees and costs, including audit costs.[1] In addition to the text of the Agreements and relevant case law,

---

[1] Although Plaintiffs originally also sought an order requiring Defendants to comply with an audit, Plaintiffs have already completed the audit and that request is omitted from their amended

4

ERISA states that when an employee benefit plan obtains judgment in its favor, the plan is to be awarded:

> (A) the unpaid contributions, (B) interest on the unpaid contributions, (C) an amount equal to the greater of (i) interest on the unpaid contributions, or (ii) liquidated damages provided for under the plan in an amount not in excess of 20 percent […] (D) reasonable attorney's fees and costs of the action, to be paid by the defendant, and (E) such other legal or equitable relief as the court deems appropriate.

29 U.S.C. § 1132 (g)(2)(A-E). However, a stipulated judgment has already been entered against the other Defendants. As Plaintiffs state that this motion is only a "precautionary measure" in case the other Defendants do not comply with the stipulated judgment, the damages Plaintiffs seek are appropriate provided that Plaintiffs will not seek to collect from Defendant Adam Williams any amounts satisfied by the co-defendants under the stipulated judgment.

### 1. Differences in the Amounts Between the Complaint and the Motion for Default Judgment

Under Federal Rule of Civil Procedure Rule 54(c), a default judgment must not "differ in kind from, or exceed in amount, what is demanded in the pleadings." Plaintiffs' complaint alleges that Defendant has "failed and refused to report and pay contributions for hours worked by [his] employees during the months of July 2013 through January 2014." Cmpl. ¶ 17. Further, it alleges that "[l]iquidated damages and interest have been incurred and are owing for the unpaid contributions for the above periods and other late paid contributions" and that Plaintiffs are entitled to recover "any and all additional contributions and all liquidated damages and interest thereon . . . through the time of Judgment." Id. Additionally, the complaint alleges that Defendant owes: (1) unpaid contributions due for hours worked; (2) liquidated damages in an amount equal to the greater of the interest on unpaid contributions or liquidated damages in accordance with the collective bargaining agreement; (3) interest on the unpaid contributions and late-paid contributions; (4) any additional contributions payable at time of judgment plus interest and liquidated damages on those additional contributions; and (5) reasonable attorneys' fees and costs. Id. at 6-7. However, the complaint does not specify an amount of damages. In their original proposed judgment.

5

motion, Plaintiffs sought a total judgment of $11,810.77.  On August 31, 2015, after the completion of the audit, Plaintiffs and Defendants Williams Tree Service, Inc. and Billie Williams stipulated that Defendants have become indebted to Plaintiffs in the amount of $40,117.70.  As stated at the hearing and in their subsequent filings, Plaintiffs now seek an award of $40,117.70 against Defendant Adam Williams.

Courts have awarded damages not specifically mentioned in complaints in ERISA cases where the defaulting defendants were on notice of the amounts sought.  See, e.g., Bricklayers Local No. 3 Pension Trust v. Martin, 2014 WL 1998047, at *3-4 (N.D. Cal. May 12, 2014) (Chhabria, J.) (adopting report and recommendation from Judge Laporte recommending that damages be awarded even though the complaint, which is similar to the one at issue here, did not specify a particular amount); Bd. of Trustees of Sheet Metal Workers Local 104 Health Care Plan v. Total Air Balance Co., 2009 WL 1704677, at *5 (N.D. Cal. June 17, 2009) (Conti. J.) (awarding damages even though the amended complaint did not specify an amount of damages); Bd. of Tr. of the Sheet Metal Workers Local 104 Health Care Plan v. Total Air Balance Co. ("Air Balance"), 2009 U.S. Dist. LEXIS 89373, at *10–*15 (N.D. Cal. June 17, 2009); Tr. of the Ironworkers Local Union No. 16 Pension Fund v. AS & L Indus. Servs. ("AS & L"), 2013 U.S. Dist. LEXIS 77721, at *3 (D.Md. May 31, 2013); Tr. of the St. Paul Elec. Constr. Indus. Fringe Ben. Funds v. Martens Elec. Co., 485 F.Supp.2d 1063, 1064–69 (D.Minn. 2007); Ames v. Stat Fire Suppression, Inc., 227 F.R.D. 361, 361 (E.D.N.Y.2005). But see Tragni v. Souther Elec. Inc., 2009 U.S. Dist. LEXIS 86818, at *5–*7 (N.D.Cal. Sept. 2, 2009) (recommending that default judgment be denied because complaint was vague as to additional sums owed and Defendant lacked sufficient notice of additional amounts sought).

Here, Defendant was clearly on notice of the amounts sought by Plaintiffs.   In the complaint, Plaintiffs allege that they are entitled to recover unpaid contributions and damages through judgment.  Moreover, Plaintiffs served Defendant by mail with all the filings in this case, a fact that weighs in favor of awarding post-complaint damages.  Air Balance, 2009 U.S. Dist. LEXIS 89373 at *12–*13; AS & L, 2013 U.S. Dist. LEXIS 77721 at *4.  Additionally, the sums sought by Plaintiffs do not differ in kind from the sums Plaintiffs seek in the complaint.

6

### 2. **Delinquent and Unpaid Trust Funds**

Plaintiffs state that Defendant owes $17,566.31 in delinquent and unpaid contributions. This amount is appropriate. Defendant received clear notice of Plaintiffs' allegations that it owed delinquent and unpaid trust contributions upon service of Plaintiffs' complaint. Further, Defendant received notice of the specific amount sought by Plaintiffs upon service of other filings in this case, including the entry of default judgment against the other Defendants and Plaintiffs' amended proposed judgment against Defendant Adam Williams. ERISA section 502(g)(2)(A) instructs the Court to award unpaid contributions if default judgment is granted, and determinations regarding contributions due to trust funds are to be construed in the funds' favor. See Irwin v. Carpenters Health and Welfare Trust Fund for California, 745 F.2d 553, 555-557 (9th Cir. 1984); Brick Masons Pension Trust v. Industrial Fence & Supply, Inc., 839 F.2d 1333 (9th Cir. 1988). This Court thus recommends awarding Plaintiffs $17,566.31 in delinquent and unpaid contributions.

### 3. **Liquidated Damages and Interest**

In addition to unpaid and delinquent contributions, Plaintiffs allege that Defendant owes liquidated damages and interest on these contributions in accordance with ERISA and the Agreements. Hayner Decl. ¶ 16. Plaintiffs seek $3,571.50 in liquidated damages and $2,316.09 in interest. Id. It is appropriate to award Plaintiffs these damages.

ERISA section 502(g)(2)(C)(ii), the liquidated damages provision, "applies when (1) the fiduciary obtains a judgment in favor of the plan, (2) *unpaid* contributions exist at the time of the suit, and (3) the plan provides for liquidated damages." Idaho Plumbers and Pipefitters Health and Welfare Fund v. United Mech. Contractors, Inc., 875 F.2d 212, 215 (9th Cir. 1989) (emphasis in original). As Plaintiffs have satisfied each factor here, liquidated damages are appropriate. Furthermore, the liquidated damages sought are less than the actual costs incurred by Plaintiffs in their attempt to recover such damages, and are appropriate in light of similar ERISA cases. See Peters Decl. ¶ 12; see also, e.g., Bd. of Trs. v. KMA Concrete Constr. Co., 2011 WL 4031136, at *7 (N.D. Cal. Aug. 12, 2011) (Beeler, J.) ("[b]ecause the liquidated damages provision was part of the bargain and Section 1132(g) [of ERISA] specifically contemplates a liquidated damages award

. . . the court finds the liquidated damages reasonable."). In addition to liquidated damages, ERISA also explicitly allows for recovery of interest on unpaid or late contributions. 29 U.S.C. § 1132 (g)(2)(B).

Further, the Independent Agreement, of which Defendant is a signatory, incorporates the Master Agreement, which explicitly provides for both liquidated damages and collection of interest in the event of delinquent payments. Hayner Decl. ¶ 12, Ex. B at 45 §§ 12.13.01-12.13.02. Here, there is both contractual and statutory support for collection of liquidated damages and interest, as well as case law supporting the amount sought. Thus, the Court recommends awarding Plaintiffs $5,887.59 in liquidated damages and interest.

### 4. Attorney's Fees and Costs

Plaintiffs seek $12,327.00 in attorney fees and $1,697.10 in costs, as well as $2,639.70 in audit costs. Recovery of these amounts is supported by contract, statute and case law. Section 12.13.06 of the Master Agreement states:

> [i]f any Individual Employer defaults in the making payments . . . or files or causes to be filed any suit or claim with respect thereto, there shall be added to the obligation of the Employer who is in default all reasonable expenses incurred by the Union and the Trusts Funds in the collection of same, including but not limited to, reasonable attorneys' fees, auditors' and accountants' fees, court costs and all other reasonable expenses incurred in connection with such suit or claim. . .

Hayner Decl. ¶ 13, Ex. B. ERISA also calls for attorney's fees and costs to be awarded in the case of favorable judgment for a trust fund. 29 U.S.C. § 1132(g)(2)(D). Further, when a collective bargaining agreement has provided that a defaulting employer will be responsible for reasonable attorney's fees, the Court has the power to enforce such an award. See Kemner v. District Council of Painting and Allied Trades No. 36, 768 F.2d 1115, 1120 (9th Cir. 1985).

Here, the attorneys' fees and costs demanded are reasonable. The billing rates for Plaintiffs' counsel include rates of $120 per hour for paralegal work and $205-$215 per hour for attorney work. Stafford Decl. ¶¶ 7-10; see also Canzoneri Decl. ¶ 12(b). Other courts have found rates of up to $450 per hour to be reasonable. See, e.g., May v. MetLife, 2005 U.S. Dist. LEXIS 17783, at *9-10 (N.D. Cal. April 7, 2005) (Wilken, J.) (holding that an associate rate of $225 per

hour, junior partner rate of $375 per hour and partner rate of $450 per hour are "reasonable in light of the prevailing market rate."); Day v. SBC Disability Income Plan, 2008 WL 2783482, at *2 (N.D. Cal. July 17, 2008) (Seeborg, J.) ("The lodestar rate is $450 an hour."); Hyder v. Kemper Nat'l Services, Inc., 2007 U.S. Dist. LEXIS 45843, at *14 (N.D. Cal. June 14, 2007) (Wilken, J.) (awarding Plaintiff attorney's fees at a rate of $425 per hour).  Moreover, the costs sought reasonably consist of filing fees, service fees, legal research fees, as well as the costs of the audit. See Stafford Decl. ¶ 16.  The sum of these fees and costs is less than other awards historically granted by this District. See, e.g., Bd. of Trs. v. Cal-Kirk Landscaping, No. C-08-3292, Dkt. No. 95 at 16 (N.D. Cal. Oct. 16, 2012) (Chen, J.) (awarding Plaintiff $34,853.63 in fees and costs).

The Court recommends that Plaintiffs be awarded the full amount of costs and fees sought.

### III.   CONCLUSION

For the reasons discussed above, the Court recommends that, provided that Plaintiffs will not seek to collect from Defendant Adam Williams any amounts satisfied by the co-defendants under the stipulated judgment, Plaintiffs' amended proposed judgment in the amount of $40,177.70 (Dkt. 59) be entered against Defendant Adam Williams. Any party may serve and file specific written objections to this recommendation within fourteen (14) days after being served with a copy. See 28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b); Civil Local Rule 72-3. Failure to file objections within the specified time may waive the right to appeal the District Court's order.

**IT IS SO ORDERED.**

Dated: October 19, 2015

ELIZABETH D. LAPORTE
United States Magistrate Judge